IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LOUIS WAGNER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al.,<br><br>Respondents. | Cause No. CV 16-87-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Louis Wagner's application for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Wagner is a state prisoner proceeding pro se.

**I.     Procedural History**

Wagner seeks to challenge a revocation sentence handed down in the First Judicial Court, Lewis and Clark County, stemming from two counts of sexual intercourse without consent to which Wagner pled guilty in 2003. Judgment on the revocation was entered on February 4, 2014. (Doc. 1 at 2, ¶¶ 1-2). Wagner did not file a direct appeal from the February 2014 judgment. He did, however, file a state habeas petition. *See Wagner v. Kirkegard*, OP 16-0385, Pet. (filed June 30, 2016). There he raised four separate arguments challenging the legality of the revocation sentence. The Montana Supreme Court held that Wagner's sentence

1

was neither invalid nor illegal. *Wagner v. Kirkegard*, OP 16-0385, Or. at 4 (Mont. July 12, 2016). Further, the Court held that Mont. Code Ann. § 46-22-101(2) precluded Wagner from seeking habeas relief for a sentence imposed upon revocation. *Id*. Wagner's petition was denied.

Wagner filed his federal habeas petition with this Court on September 9, 2006. (Doc. 1 at 14); *Houston v. Lack*, 487 U.S. 266 (1988).

**II.    Analysis**

In a prior order, this Court informed Wagner of its belief that his petition was filed a year and five months after the federal filing deadline had passed. (Doc. 7 at 4.) Wagner was given the opportunity to show cause as to why his petition was not untimely and was directed to the ways in which he might make such a showing. *Id*. at 4-5. Wagner timely responded. (Doc. 8.)

Along with his response, Wagner also filed a Notice of Change of Address. (Doc. 9.) As of October 27, 2016, Wagner is no longer in state custody; his sentence has expired.[1] This relatively new development changes the landscape of Wagner's habeas petition. Thus, the Court is no longer concerned with whether or not Wagner's petition is timely. Because he has served out the entirety of his sentence, Wagner's petition is now moot.

Article III, § 2 of the United States Constitution requires a "case or

---

[1] See, Montana Correctional Offender Network Search: https://app.mt.gov/conweb/Home/OffenderNumber/2058375 (accessed November 15, 2016).

2

controversy" for justiciability, meaning that an injury-in-fact has occurred. Throughout litigation an individual "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). When an individual is incarcerated, a challenge to the validity of his conviction satisfies the case-or-controversy requirement: the ongoing incarceration constitutes a concrete injury and it is redressable by invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Supreme Court has recognized that when challenging the conviction itself, the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement is presumed. *Id*. at 8 (*citing Carafas v. LaVallee*, 391 U.S. 234, 237-8 (1968)). Examples of such consequences include making one liable to deportation, ineligible for naturalization, unable to serve on a jury, unable to vote, or unable to hold office. *See Fiswick v. United States*, 329 U.S. 211, 221-223 (1946). This presumption is justified because it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *Sibron v. New York*, 392 U.S. 40, 55-6 (1968).

The analysis changes, however, once an individual has completed his sentence. In *Spencer v. Kemna*, the Court found that the same adverse legal consequences present for a criminal conviction were not found in the revocation

3

context. There, the Court held that a petitioner's appeal challenging his parole revocation was moot, because during the appeal the entirety of his sentence had been served. *Spencer v. Kemna*, 523 U.S. 1, 14-18 (1998).

Spencer did not challenge his felony convictions but rather challenged the lawfulness of the termination of his parole status. At the time of the Court's decision, Spencer's re-incarceration that had occurred was over and could not "be undone." *Id*. at 8. Specifically, the Court declined to extend the presumption of collateral consequences that attach to criminal convictions to the revocation context, concluding that in what would otherwise be a moot case, a case or controversy exists only if the parties continue to have "a personal stake in the outcome," such that "an actual injury [is] traceable to the defendant and [is] likely to be redressed by a favorable judicial decision. *Id*. at 7. For a defendant who already has served his sentence, "some continuing injury other than the now-ended incarceration or parole- some 'collateral consequence' of the conviction- must exist if the suit is to be maintained." *Id*. Unlike a criminal conviction, "[n]o civil disabilities… result from a finding that an individual has violated his parole." *Id*. at 12, (*quoting Lane v. Williams*, 455 U.S. 624, 632 (1982)). Spencer was unable to establish adequate collateral consequences.

Much like the petitioner in *Spencer*, Wagner has not established collateral consequences to meet the case-or-controversy requirement for justiciability of his

4

claim under Article III, § 2 of the United States Constitution. Wagner has served his entire sentence and is not currently under any form of supervision. All of the claims Wagner makes surround the actions leading up to his revocation hearing and sentence that was imposed. Putting aside his now complete custodial sentence, Wagner has not demonstrated the existence of a continuing injury or collateral consequence. Without such a showing there is nothing to maintain Wagner's petition. *Spencer v. Kemna*, 523 U.S. at 7. Accordingly, Wagner lacks standing to challenge his completed sentence and his claims are moot.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Wagner has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to

5

encourage further proceedings.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Wagner's petition (doc. 1) should be DENIED as moot.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Wagner may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Wagner must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 16th  day of November 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2]  As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.